JOHN R. MANNING
Attorney at Law
4005 Manzanita Ave, Ste. 6-8
Carmichael, CA 95608
(916) 444-3994
jmanninglaw@yahoo.com

Attorney for Defendant
Carlos Lee Sanchez, Jr.

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKY LEE WARE,<br>KIMBERLY ANN WALLACE and<br>CARLOS LEE SANCHEZ, Jr.<br><br>Defendants. | CASE NO.  2:24-CR-0281-DC<br><br>(AMENDED) STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: December 5, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena M. Coggins |

The United States of America through its undersigned counsel, Nicholas Fogg, Assistant United States Attorney, together with counsel for defendant Ricky Lee Ware, Linda Parisi, Esq., counsel for defendant Kimberly Ann Wallace, Candice L. Fields, Esq., and, counsel for defendant Carlos Lee Sanchez, Jr., John R. Manning, Esq., hereby stipulate the following:

1. By previous order, this matter was set for status conference on December 5, 2025, at 9:30 a.m.

2. The parties previously filed a stipulation on, or about, November 19, 2025 (ECF 74), that contained an inadvertent typo.  This filing corrects the typo and replaces ECF 74.

3. By this stipulation, the parties now move to continue the matter until January 30, 2026, at 9:30 a.m., and to exclude time between December 5, 2025, and January 30, 2026, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] to allow defense counsel time to prepare.  The

parties agree and stipulate, and request the Court find the following:

    a)    The government has produced (and is continuing to produce) discovery in this matter. (The most recent production was July 3, 2025.) To date, the government has produced 52,384 pages of investigative reports, photographs and video surveillance evidence and 3000 native files. However, the noted volume of discovery does not include the most recent production as that production includes information taken from a seized phone (allegedly belonging to Mr. Sanchez) and is extensive. (Each defense counsel was provided discovery related to device extractions from electronic devices allegedly belonging to their, respective, clients. As noted, this discovery is voluminous and in addition to the volume of discovery noted in this paragraph.)

    b)    Counsel for the government has represented plea agreements in this matter are forthcoming. Once the plea agreements are provided, defense counsel will need time to research guideline, 3553(a) factors and sentencing implications contained within (and related to) the plea agreement(s) and the factual basis attached thereto.

    c)    Counsel for defendants have met with their clients to discuss their respective cases. Defense counsel desire additional time to conduct investigation into the charges, the alleged roles of their respective clients, and to review discovery in this case. Defense counsel will need additional time to discuss potential resolutions with their clients, prepare pretrial motions, and otherwise prepare for trial (notwithstanding the government's intention to provide plea agreements in this matter).

    d)    Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e)    The government does not object to the continuance.

    f)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of December 5, 2025 to January 30, 2026,inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 21, 2025        /s/ LINDA PARISI
                                LINDA PARISI
                                Counsel for Defendant
                                RICKY LEE WARE

Dated: November 21, 2025        /s/ CANDICE L. FIELDS
                                CANDICE L. FIELDS
                                Counsel for Defendant
                                KIMBERLY ANN WALLACE

Dated: November 21, 2025        /s/ JOHN R. MANNING
                                JOHN R. MANNING
                                Counsel for Defendant
                                CARLOS LEE SANCHEZ, Jr

Dated: November 21, 2025        ERIC GRANT
                                United States Attorney

                                /s/ NICHOLAS M. FOGG
                                NICHOLAS M. FOGG
                                Assistant United States Attorney

///

///

///

3

**ORDER**

The court, having received, read and considered the parties' stipulation filed on November 23, 2025, and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for December 5, 2025, is VACATED and RESET for January 30, 2026, at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between December 5, 2025, and January 30, 2026, inclusive, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:     **November 25, 2025**

Dena Coggins
United States District Judge