CANDICE L. FIELDS
Candice Fields Law, PC
621 Capitol Mall, Suite 900
Sacramento, CA 95814
(916)414-8050
cfields@candicefieldslaw.com

Attorney for defendant
Kimberly Wallace

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICKY LEE WARE,<br>KIMBERLY ANN WALLACE and<br>CARLOS LEE SANCHEZ, JR.,<br><br>Defendants. | CASE NO. 2:24-CR-281-DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: August 7, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants Ricky Lee Ware and Kimberly Ann Wallace, by and through their respective counsel of record, hereby stipulate as follows:

1. This case is presently set for a status conference on August 7, 2026.

2. By this stipulation, defendants move to continue the status conference to October 9, 2026, and to exclude time between August 7, 2026, and the continued hearing date pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and Local Code T4.

3. The parties agree and stipulate, and request that the Court find, as follows:

a. The government has produced substantial discovery in this matter, including more than 52,000 pages of investigative reports, photographs, and video surveillance evidence; approximately 3,000 native files; and electronic copies, extraction reports, or related materials

concerning eight seized electronic devices.

b. Defense counsel require additional time to review and analyze the discovery, identify the evidence relevant to their respective clients, investigate the charges and the alleged roles of each defendant, and consult with their clients concerning the evidence and potential defenses.

c. Counsel for defendant Ware, Linda Parisi, was engaged in a lengthy Sacramento County criminal trial, commonly known as the K Street Murder Trial, through July 21, 2026. That trial required her continuing attention and materially limited the time available to review the discovery, conduct investigation, confer with co-counsel, and consult with her client in this matter.

d. On July 22, 2026, immediately following the conclusion of that trial, Ms. Parisi departed on a previously scheduled international trip. As a result, she has not yet had a reasonable opportunity following the conclusion of the trial to complete the necessary discovery review, investigation, attorney conferences, and client consultation.

e. Additional time is necessary for defense counsel to review the government's extensive production, confer regarding evidence relevant to more than one defendant, meet with their respective clients, investigate the factual allegations, and determine whether additional records, witnesses, expert consultation, or other defense investigation are required.

f. The requested continuance is limited to approximately two months. It is sought to provide counsel a reasonable opportunity following Ms. Parisi's trial commitment and international travel to complete meaningful review of the evidence, conduct necessary investigation, consult with their clients, and prepare effectively for further proceedings.

g. Defense counsel have exercised due diligence. The need for additional time arises from the volume and nature of the discovery, the investigation and client consultation required for effective preparation, and Ms. Parisi's lengthy trial commitment immediately followed by previously scheduled international travel. The requested period is no longer than reasonably necessary to complete these defense functions.

h. Counsel for defendants believe that failure to grant the requested continuance

would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

i. The government does not object to the continuance.

j. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interests of the public and the defendants in a trial within the time prescribed by the Speedy Trial Act.

k. For purposes of computing time under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., the period from August 7, 2026, through October 9, 2026, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and Local Code T4. The exclusion results from a continuance requested by defendants and supported by the Court's finding that the ends of justice served by the continuance outweigh the interests of the public and the defendants in a speedy trial.

4. Nothing in this stipulation or the resulting order shall preclude a finding that other provisions of the Speedy Trial Act require or permit the exclusion of additional periods of time.

IT IS SO STIPULATED.

Dated: July 29, 2026

/s/ LINDA PARISI
(authorization to sign obtained on 7/29/26)
LINDA PARISI
Counsel for Defendant
RICKY LEE WARE

Dated: July 29, 2026

/s/ CANDICE L. FIELDS
CANDICE L. FIELDS
Counsel for Defendant
KIMBERLY ANN WALLACE

Dated: July 29, 2026

ERIC GRANT
United States Attorney

/s/ NICHOLAS M. FOGG
NICHOLAS M. FOGG
Assistant United States Attorney

**ORDER**

IT IS HEREBY ORDERED as to Ricky Lee Ware and Kimberly Ann Wallace, the court, having received, read and considered the parties' stipulation filed on July 29, 2026 (Doc. No. 92), and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Change of Plea or Trial Setting Hearing scheduled for August 7, 2026, is VACATED and RESET for October 9, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between August 7, 2026 and October 9, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated: **July 29, 2026**

Dena Coggins
United States District Judge